UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re CESAR MONTIEL PEREZ,

Debtor.

MAURICE GRAYTON,

Appellant,

v.

UNITED STATES TRUSTEE

Appellee.

Case No.:  20-CV-1616 JLS (AHG)

**ORDER GRANTING MOTION TO DISMISS APPEAL**

(ECF No. 3)

Presently before the Court is Appellee United States Trustee Tiffany Carroll's Motion to Dismiss Appeal ("Mot.," ECF No. 3).  Appellant Maurice Grayton ("Appellant" or "Mr. Grayton"), proceeding *pro se*, filed an Opposition to the Motion ("Opp'n," ECF No. 7), and Appellee filed a Reply in support of the Motion ("Reply," ECF No. 8).  The Court decides this matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  *See generally* ECF No. 5.  Having carefully reviewed the Parties' arguments and the relevant law, the Court **GRANTS** Appellee's Motion to Dismiss.

///

# BACKGROUND

On January 3, 2020, the United States Trustee initiated an adversary proceeding against Mr. Grayton in the United States Bankruptcy Court for the Southern District of California. Mot. at 3; *see generally United States Trustee v. Grayton*, No. 3:20-ap-90002-MM (Bankr. S.D. Cal.). The complaint alleges that Mr. Grayton "engaged in unfair, deceptive, or fraudulent conduct and has violated each of the sub-sections of 11 U.S.C. § 110[.]" Mot. at 3. "The complaint asserts that Mr. Grayton, who is not an attorney, has acted as a bankruptcy petition preparer in connection with a case filed in the Bankruptcy Court for the Southern District of California." *Id.* at 4. Mr. Grayton filed an answer alleging that he had acted under duress. *Id.* Mr. Grayton also invoked his Fifth and Fourteenth Amendment rights and demanded a jury trial. *Id.* In addition to his answer to the complaint, Mr. Grayton filed (1) a motion for summary judgment, (2) a request for court appointed counsel, and (3) a demand for a jury trial. *Id.* at 2.[1]

On August 11, 2020, the bankruptcy court entered three orders denying Mr. Grayton's motion for summary judgment, his request for court appointed counsel, and his demand for a jury trial. *Id.* at 5; *see United States Trustee v. Grayton*, No. 3:20-ap-90002-MM (Bankr. S.D. Cal.), ("Summary Judgment Order," ECF No. 40), ("Right to Counsel Order," ECF 41), ("Jury Trial Order," ECF No. 42).[2] In denying Mr. Grayton's motion for summary judgment, the court noted that "[Mr.] Grayton's motion curiously admits that many of the material facts alleged in the Complaint are disputed." Summary Judgment Order at 2. The court further noted that "the undisputed facts support the [United States Trustee]'s claims." *Id.* The court also found that "Bankruptcy Petition Preparers are not

---

[1] Appellant only lists the order denying his motion for summary judgment on the cover sheet of his notice of appeal, but he discusses all three orders in his Notice of Appeal. *Compare* "Notice of Appeal," ECF No. 1-3, *with* ECF No. 1 at 1. For the sake of completeness, the Court considers all three orders.

[2] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

entitled to a jury trial," Jury Trial Order at 1 (citing *In Gould v. Clippard*, 340 B.R. 861, 881–82 (M.D. Tenn. 2006); *In re Bascus*, 548 B.R. 742 (Bankr. S.D. Tex. 2016)), and "[t]here is no Sixth Amendment right to counsel in civil cases," Right to Counsel Order at 1 (citing *Lassiter v. Dep't of Soc. Servs. of Durham Cnty.*, 452 U.S. 18, 24–28 (1981)).

On August 20, 2020, Mr. Grayton filed a notice of appeal based on the bankruptcy court's denial of these three motions. *See generally* "Notice of Appeal," ECF No. 1-3 at 1–8. This action is one of four appeals[3] filed by Appellant in this District related to the underlying bankruptcy action, which is still pending before the bankruptcy court. *See generally* Docket of *United States Trustee v. Grayton*, No. 3:20-ap-90002-MM (Bankr. S.D. Cal.). On October 20, 2020, Appellee filed the present Motion to Dismiss Appeal for lack of jurisdiction. ECF No. 3.

## LEGAL STANDARD

Federal district courts have jurisdiction over appeals of "final judgments, orders, and decrees" of bankruptcy courts. *See* 28 U.S.C. § 158(a)(1). Generally, district courts lack jurisdiction over appeals from interlocutory orders of bankruptcy judges except where the district court grants leave to appeal under 28 U.S.C. § 158(a)(3).

A determination of whether an order is final or interlocutory is jurisdictional and therefore can be raised sua sponte and reviewed de novo by an appellate court. *See In re Bonham*, 229 F.3d 750, 760–61 (9th Cir. 2000); *In re Belli*, 268 B.R. 851, 853 (B.A.P. 9th Cir. 2001). Denial of leave to appeal is left to the sound discretion of the court. *See In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003).

## ANALYSIS

### I.    Appeal as of Right

Appellee argues that "[t]he United States Trustee's lawsuit against Mr. Grayton is not yet resolved; it remains open and pending." Mot. at 8. In response, Appellant contends that "[t]he order denying summary judgment is final and the appeal is not interlocutory."

---

[3] *See* case nos. 3:20-cv-02152, 3:20-cv-02433, and 3:21-cv-00083.

Opp'n at 5. Appellant further argues that the bankruptcy court's denial of his request for appointed counsel and denial of his demand for a jury trial are similarly final orders. *Id.* at 6, 14.

Under section 158(a)(1), parties may appeal to a district court "final" orders in bankruptcy cases and proceedings "as of right." 28 U.S.C. § 158(a)(1); *see Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020); *Bullard v. Blue Bills Bank*, 575 U.S. 496 (2015). In the context of an adversary proceeding, an order is final if it would be considered an appealable final order in an ordinary federal civil action under 28 U.S.C. § 1291. *In re Belli*, 268 B.R. at 855 ("Finality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291."). Federal Rule of Civil Procedure 54(b) "controls the analysis of finality of judgments for purposes of appeal in federal civil actions, including bankruptcy adversary proceedings." *Id.* (citing Fed. R. Civ. P. 54(b), *incorporated by* Fed. R. Bankr. P. 7054(a)); *see Matter of King City Transit Mix, Inc.*, 738 F.2d 1065, 1066–67 (9th Cir. 1984) (applying Rule 54(b) in bankruptcy adversary proceedings). If there is a Rule 54(b) certification, it is treated as a final order over which appellate jurisdiction exists "as of right" under 28 U.S.C. § 158(a)(1).

However, the Ninth Circuit has held that "the fluid and sometimes chaotic nature of bankruptcy proceedings necessitates a degree of jurisdictional flexibility." *In re Landmark Fence Co., Inc.*, 801 F.3d 1099, 1102 (9th Cir. 2015). "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 657, n.3 (2006) (internal quotation marks and emphasis omitted). Section 158 provides the appellate court with jurisdiction over orders in bankruptcy cases that alter "the legal relationships among the parties." *Bullard*, 575 U.S. at 506. Therefore, to determine whether a particular order is final, the court examines "whether the bankruptcy court's decision: '1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed.'" *In re Gugliuzza*, 852 F.3d

884, 894 (9th Cir. 2017) (quoting *In re Perl*, 811 F.3d 1120, 1126 (9th Cir. 2016)).  If "further proceedings in the bankruptcy court will affect the scope of the order, the order is not subject to review."  *In re Tech. Knockout Graphics, Inc.*, 833 F.2d 797, 800 (9th Cir. 1987) (quoting *In re 405 N. Bedford Dr. Corp.*, 778 F.2d 1374, 1377 (9th Cir. 1985)).

The bankruptcy court's denial of Mr. Grayton's (1) motion for summary judgment, (2) request for appointed counsel, and (3) request for jury trial are not final orders that Appellant may appeal as of right.  *See Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) ("Ordinarily, orders denying summary judgment do not qualify as 'final decisions' subject to appeal."); *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986) (holding order denying appointment of counsel is not immediately appealable); *City of Morgantown, W. Va. v. Royal Ins. Co.*, 337 U.S. 254, 255–59 (1949) (holding an order denying a demand for trial by jury is not a final order and hence is not immediately appealable).  A review of the docket of the bankruptcy court proceedings reveals there has been no Rule 54(b) certification in Appellant's case.  *See generally* Docket of *United States Trustee v. Grayton*, No. 3:20-ap-90002-MM (Bankr. S.D. Cal.).  Further, the bankruptcy court's orders did not adjudicate all the parties' respective rights and liabilities.  To the contrary, the summary judgment order allowed the complaint to go forward in its entirety.  *See Tennison v. City & Cnty. of San Francisco*, 570 F.3d 1078, 1081 (9th Cir. 2009) (stating the Ninth Circuit "generally do[es] not have jurisdiction over an interlocutory appeal from the denial of a motion for summary judgment"); *see also Morgan v. Morgensen*, 465 F.3d 1041, 1044 (9th Cir. 2006), *opinion amended on reh'g*, No. 04-35608, 2006 WL 3437344 (9th Cir. Nov. 30, 2006) ("Ordinarily, a district court's interlocutory order denying a motion for summary judgment is not immediately appealable[.]").  A denial of a motion for summary judgment is appealable as a matter of right in limited circumstances, such as when a defendant's motion for summary judgment is based on qualified immunity, *see Morgan*, 465 F.3d at 1044; however, these facts are not present here.  The bankruptcy court may revise or revisit its findings in these orders as the case progresses.

///

1    Therefore, the Court finds that the bankruptcy court's orders denying Appellant's
2    motion for summary judgment, request for appointed counsel, and request for jury trial are
3    not appealable as a matter of right.  The Court now turns to whether to exercise its
4    discretion and grant interlocutory review.

5    **II.    Interlocutory Appeal**

6    Appellant argues that "This Court Must Grant Discretionary Leave for Non
7    Interlocutory Appeal Here." Opp'n at 16.  Appellant contends that "[t]he Tentative Rulings
8    are questionable and are drafted in the manner that is not supported by the law." *Id.*  In
9    response, Appellee argues that these "were orders correctly denying unfounded motions,
10   improperly appealed by a bankruptcy petition preparer who continues to appeal orders of
11   the bankruptcy court as the complaint under 11 U.S.C. § 110 against him continues." Reply
12   at 3 (footnote omitted).

13   If an order is not final, the district court has jurisdiction to hear an appeal of an
14   interlocutory order of a bankruptcy court if the district court grants leave to appeal.  *See* 28
15   U.S.C. § 158(a); Fed. R. Bankr. P. 8002, 8004(a)(2)(b).  In deciding whether to grant leave
16   to appeal under Section 158(a)(3), courts look to the analogous provisions of 28 U.S.C.
17   § 1292(b) governing review of interlocutory district court orders by the courts of appeal.
18   *See In re Belli*, 268 B.R. at 858; *In re Wilson*, No. BR 13-11374 AJ, 2014 WL 122074, at
19   *1 (N.D. Cal. Jan. 10, 2014).  Therefore, leave to appeal a bankruptcy court's interlocutory
20   order is appropriate where (1) there is a controlling question of law, (2) as to which a
21   substantial ground for a difference of opinion exists, and (3) an immediate appeal could
22   materially advance the ultimate termination of the litigation.  *In re Cement Antitrust Litig.*
23   *(MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see also In re NSB Film Corp.*, 167
24   B.R. 176, 180 (B.A.P. 9th Cir. 1994) ("Leave to appeal should not be granted unless refusal
25   would result in wasted litigation and expense, the appeal involves a controlling question of
26   law as to which there is a substantial ground for difference of opinion, and an immediate
27   appeal would materially advance the ultimate termination of the litigation.").  Additionally,
28   "[i]nterlocutory appeals are generally disfavored and should only be granted where

extraordinary circumstances exist." *In re Cameron*, No. C 13-02018 SI, 2014 WL 1028436, at *4 (N.D. Cal. Mar. 17, 2014).

As an initial matter, Appellant has not filed a motion for leave to appeal the bankruptcy court's interlocutory orders.  *See* Fed. R. Bankr. P. 8004(a) (requiring a party seeking to appeal an interlocutory order under 28 U.S.C. § 158(a)(3) to file with his notice of appeal a motion for leave to appeal with certain required information).  However, the Court "may treat a notice of appeal as a motion for leave to file an interlocutory appeal." *In re Belice*, 461 B.R. 564, 572 (B.A.P. 9th Cir. 2011); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." (citations omitted)).

Appellant argues that "there is an exceptional circumstance warranting discretional review," Opp'n at 1; however, he does not articulate what that exceptional circumstance is.  He contends that the bankruptcy court's denial of his motion for summary judgment "was a clear error and an abuse of Discretion."  *Id.* at 2.  Appellant alleges that "[t]he Bankruptcy Court applied the wrong standard of review even after reviewing the material facts," and that "the record suggest [sic] that the Bankruptcy Court is also unwilling to be fair."  *Id.* at 2, 6.  Appellant also argues that he is constitutionally entitled to a jury trial. *Id.* at 6.

Here, Appellant does not carry his burden to show that the orders meet the § 1292(b) test.  Appellant offers no argument as to how this appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and the existence of such a question is not readily apparent to the Court from the interlocutory orders themselves.  Appellant argues his positions on the issues he wishes to appeal.  *See generally* Opp'n.  However, none of this information is pertinent to the legal framework under which this Court analyzes a motion for leave to file an interlocutory appeal.  Granting leave to appeal in this instance would waste judicial resources, increase litigation expense, and would only serve to delay the ultimate termination of this action.

Accordingly, the Court declines to exercise its discretion to hear this interlocutory appeal.

## CONCLUSION

For the reasons stated above, the Court finds the bankruptcy court's denial of Mr. Grayton's motion for summary judgment, denial of his request for jury trial, and denial of his request for appointed counsel are interlocutory orders. Further, the Court finds interlocutory review is not warranted, and Appellant has not identified another basis for jurisdiction. Accordingly, Appellee's motion to dismiss the appeal for lack of jurisdiction is **GRANTED**. The Court **DISMISSES** the appeal for lack of jurisdiction. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED**.

Dated: April 27, 2021

Hon. Janis L. Sammartino
United States District Judge